UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDRE LEE HILLIARD, <br><br> Plaintiff, <br><br> v. <br><br> CLARK, *et al.* <br> Defendants. | Case No. 23-cv-00472 <br><br> Judge Mary M. Rowland |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Andree Lee Hilliard required services for his medical needs while incarcerated at Joliet Treatment Center. He sues Defendant Elizabeth English-Lindsey[1] under 42 U.S.C. § 1983, claiming that she displayed deliberate indifference to his medical needs. [19]. Defendant English-Lindsey has moved for summary judgment on the basis that Plaintiff failed to exhaust his administrative remedies. [152]. For the reasons explained below, Defendant's motion is granted.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine dispute as to any material fact exists if "the evidence is such

---

[1] Hilliard sues several other defendants, including Defendants Warden Catherine Larry, CTO Lt. Clark, CTO Adeymo, CCTIP Bilangan, CTO Campbell, Alfevort Wright, QMHP Lauren Bondi, BHT Branner, and Wexford Health Sources, Inc. *See e.g.* [12] (amended complaint). Only Defendant English-Lindsey has moved for summary judgment based on plaintiff's failure to exhaust. [152].

1

that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The Court "consider[s] all of the evidence in the record in the light most favorable to the non-moving party, and [] draw[s] all reasonable inferences from that evidence in favor of the party opposing summary judgment." *Skiba v. Ill. Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018) (quotation omitted). The Court "must refrain from making credibility determinations or weighing evidence." *Viamedia, Inc. v. Comcast Corp.*, 951 F.3d 429, 467 (7th Cir. 2020) (citing *Anderson*, 477 U.S. at 255). In ruling on summary judgment, the Court gives the non-moving party "the benefit of reasonable inferences from the evidence, but not speculative inferences in [its] favor." *White v. City of Chicago*, 829 F.3d 837, 841 (7th Cir. 2016) (internal citations omitted). The "controlling question is whether a reasonable trier of fact could find in favor of the non-moving party on the evidence submitted in support of and opposition to the motion for summary judgment." *Id.*

## BACKGROUND

**I.   Defendant's request to strike**

As a preliminary matter, Defendant English-Lindsey has requested that the Court strike several of Plaintiff's statements of additional fact, arguing that these statements are immaterial to the issue of whether Plaintiff exhausted his administrative remedies. [178] at ¶¶ 1-8, 16-18. This Court maintains broad discretion to enforce the Local Rules governing summary judgment

2

motions, *Petty v. City of Chicago*, 754 F.3d 416, 420 (7th Cir. 2014); *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 382 n.2 (7th Cir. 2008).

The Court denies English-Lindsey's request. The Court relies on statements of fact to the extent they are relevant to resolving the summary judgment motion, and the Court will only consider facts that are properly supported by admissible evidence. *See* FED.R.CIV.P. 56(e); LR 56.1. With that issue resolved, this Court summarizes the pertinent facts, which it takes from Defendant's statement of facts ("DSOF") [153], Plaintiff's additional statement of facts ("PSOAF") [174], and Defendant's response to Plaintiff's additional statement of facts ("DRASF") [178].

## II.    Facts

At all relevant times, Plaintiff was an inmate in the custody of the Illinois Department of Corrections (IDOC) at the Joliet Treatment Center. PSAOF at ¶¶ 1-3.

On February 24, 2022, Plaintiff was placed on suicide watch. *Id*. at ¶ 3. Around 11:45 p.m. to 12:00 a.m., Lt. Clark came to his cell and stated that Plaintiff would be "locked up for the rest of his life." *Id*. at ¶ 4. Plaintiff responded by spraying an unknown liquid at Lt. Clark. *Id*. Lt. Clark consequently sprayed Plaintiff with mace. *Id*. Immediately after, Plaintiff requested a shower and medical care, but he was left overnight without help and still covered in chemical spray. *Id*. at ¶ 5. Over the next few days, Plaintiff's face and body swelled. *Id*. at ¶ 6.

On February 26, 2022, two days later, correctional officers took Plaintiff to be assessed by Nurses Peak and Saban who said they would contact a doctor. *Id*. This was the first time Plaintiff was seen by a medical professional following the mace

spraying. *Id*. On February 27, 2022, Plaintiff was assessed by Nurse Lewis in triage. *Id*. at ¶ 7. She suggested he needed a medical shower and would speak with a doctor about medication for the swelling. *Id*. Plaintiff complained of his pain from the time of the incident until March 10, 2022. *Id*. at ¶ 8.

Plaintiff filed two grievances, dated March 13, 2022, and April 5, 2022, regarding the incident that occurred on February 24, 2022. DSOF ¶ 6. (Exhibit 153-2). Plaintiff's March 13, 2022, grievance was submitted directly to the ARB and subsequently returned by the ARB for failure to follow the grievance procedure. *Id*. at ¶ 7. Plaintiff's April 5, 2022, grievance received responses from the counselor, grievance officer, and chief administrative officer. *Id*. at ¶ 8. Plaintiff appealed those responses to the ARB, which provided a response. *Id*.

In his April 5, 2022, grievance, Plaintiff identified several individuals after the administration of the chemical spray: Lt. Clark; CTO Campbell; CTO Adeymo; CTO Langley; QMHP Bondi; QMHP Brennda; CTO Walker; other John Doe CTOs assigned to ERT; Nurse Peak; Nurse Sabin; Lieutenant Wright; CTOs working Dorm-7-B wing; Nurse Lewis; and Dr. Korten. *Id*. at ¶ 10. Plaintiff admits that he did not identify English-Lindsey or provide any description of a Jane Doe nurse or Health Care Unit Administrator as someone that ignored his requests for medical care in his grievances. *Id*. at ¶¶ 4, 11; PSAOF at ¶ 14. English-Lindsey served an interrogatory asking Plaintiff to identify each grievance that he filed with his facility of record and the ARB against her regarding the allegations contained in his amended complaint. DSOF at ¶ 3. Answering *pro se*, Plaintiff responded, "I didn't include Defendant

4

English-Lindsey in grievance because she is a supervisor[,] well was at the time."[2] *Id*. at ¶ 4. According to Defendant, English-Lindsey was a Health Care Unit Administrator and did not provide medical care to individuals in custody as part of her job duties. *Id*. at ¶ 12.[3]

English-Lindsey moves for summary judgment on the basis that Plaintiff failed to exhaust his administrative remedies as to any allegations concerning her alleged deliberate indifference before filing his claim in federal court. [152].

## ANALYSIS

### I. Exhaustion Requirements

The Prison Litigation Reform Act (PLRA) requires inmates to exhaust all available administrative remedies before filing a lawsuit in federal court. 42 U.S.C. § 1997e(a). Proper exhaustion "demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Crouch v. Brown*, 27 F.4th 1315, 1320 (7th Cir. 2022) (quoting *Woodford v. Ngo*, 548 U.S. 81, 90–91 (2006)). For decades, the Seventh Circuit has "taken a strict compliance approach to exhaustion." *Id.* (quoting *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006)). The PLRA prohibits an inmate from suing over prison conditions under

---

[2] The Court has since recruited counsel to represent Mr. Hilliard. *See* [102]; [113]; [157] (recruiting counsel).

[3] Plaintiff responds that he lacks knowledge and information as to this statement of fact. He therefore disputes on that basis, and requests leave to take discovery on this issue. [174] at ¶ 12. The Court denies this request because it would be futile. Indeed, the Court grants Defendant English-Lindsey's summary judgment motion because Plaintiff has failed to exhaust his allegations regarding her alleged deliberate indifference, explained *infra*, not because she doesn't provide medical care to individuals in custody.

Section 1983 "until such administrative remedies as are available are exhausted." *Reid v. Balota*, 962 F.3d 325, 329 (7th Cir. 2020) (quoting 42 U.S.C. § 1997e(a)).

Exhausting administrative remedies requires inmates to follow each step prescribed by the state's administrative rules governing prison grievances. *Chambers v. Sood*, 956 F.3d 979, 983 (7th Cir. 2020). Illinois maintains a multi-step grievance process: First, a prisoner may file, within 60 days of an incident, a complaint to a counselor or grievance officer. 20 Ill. Admin. Code § 504.810(a)–(b). The counselor or officer reports factual findings and recommendations to the facility's chief administrative officer (typically the warden), who provides a decision to the prisoner. *Id.* § 504.830(d). If the prisoner remains unsatisfied, he can then appeal to the ARB within 30 days of the decision. *Id.* § 504.850(a)–(f). The ARB then makes a final determination of the grievance and sends a copy of its decision to the prisoner. *Id.* § 504.850(e).

## II. Plaintiff did not adequately exhaust his administrative remedies concerning Defendant English-Lindsey

In moving for summary judgment, English-Lindsey's sole argument posits that Plaintiff failed to adequately exhaust his administrative remedies because he did not specifically name her in his April 5, 2022, grievance. *See generally* [154]; [179]. Plaintiff responds that (1) English-Lindsey forfeited her defense because prison officials responded to the merits of the grievance, and (2) Plaintiff was not required to specifically name English-Lindsey to exhaust. [172] at 5-9. The Court addresses each argument in turn.

The purpose of the grievance process is to "afford[ ] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case." *Porter v. Nussle*, 534 U.S. 516, 525, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). "Where prison officials address an inmate's grievance on the merits without rejecting it on procedural grounds, the grievance has served its function of alerting the state and inviting corrective action, and defendants cannot rely on the failure to exhaust defense." *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011).

Plaintiff relies on *Maddox* here, arguing that because his grievance was addressed on the merits, English-Lindsey cannot rely on a failure to exhaust defense. But in *Maddox*, although the plaintiff failed to name the defendants, prison officials were able to identify them and respond to the prisoner's complaint. *Id*. (…"it belies reason to suggest that prison administrators were unaware of who was responsible for that decision."). Indeed, the defendant responsible was involved in the grievance response and denial. *Id*. To the contrary, here, the prison could not have known Plaintiff was complaining of English-Lindsey, and therefore "could not address the issue on the merits." *Olden v. Jackson*, No. 23-1570, 2024 WL 4601042, at *3–4 (7th Cir. 2024) (distinguishing *Maddox* and affirming the district court's grant of summary judgment as to the unidentified defendant) (citing *King v. Dart*, 63 F.4th 602, 608-09 (7th Cir. 2023)). Plaintiff's argument, which was rejected by the Seventh Circuit in *Olden*, is therefore unpersuasive.[4]

---

[4] Plaintiff further cites *Conyers v. Abitz*, 416 F.3d 580, 584-585 (7th Cir. 2005). In *Conyers*, the Seventh Circuit analyzed the timeliness of the grievance, which is not at issue in this case. The case is therefore inapplicable. Plaintiff also cites *Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004), which similarly

7

Next, the Court agrees that Plaintiff need not name a defendant in order to exhaust. *See e.g. Jones v. Bock*, 549 U.S. 199, 219, 127 S. Ct. 910, 923, 166 L. Ed. 2d 798 (2007) ("[E]xhaustion is not *per se* inadequate simply because an individual later sued was not named in the grievances."). However, a plaintiff who fails to mention by name or provide *any* identifying information that indicates the defendant to the grievance officer fails to exhaust. *Roberts v. Neal*, 745 F.3d 232, 234-36 (7th Cir. 2014) (failing to identify the target of a grievance is a fatal defect); *see also Barrow v. Wexford Health Sources, Inc.*, 793 F. App'x 420, 423 (7th Cir. 2019) ("Barrow did not exhaust his remedies with respect to Dr. Trost because he did not name the doctor in any grievance submitted before he commenced this lawsuit"). Here, Plaintiff has conceded that he did not identify English-Lindsey by name. Whilst Plaintiff is correct that he need not name her, he must still provide identifying information for the prison to determine that she was accused of wrongdoing in the incident. *See King*, 63 F.4th at 608-09 (7th Cir. 2023) ("Even if the Jail was aware that [plaintiff] thought some correctional officers were liable, [plaintiff] did not provide sufficient information for the Jail to determine that *Szul* was the accused.") (emphasis added). Because Plaintiff failed to do so, he has not exhausted his administrative remedies as to Defendant English-Lindsey.

Accordingly, the Court grants English-Lindsey's motion for summary judgment [152].

---

focused on timeliness and an ambiguous request. For the same reason, that case is likewise inapplicable here.

8

## CONCLUSION

For the stated reasons, this Court grants Defendant English-Lindsey's motion for summary judgment. [152]. Defendant English-Lindsey is terminated as Defendant of record. The case continues against Defendants Clark, Bandi and Branner.

E N T E R:

Dated: February 23, 2026

*Mary M Rowland*

MARY M. ROWLAND
United States District Judge

9